United States District Court
Southern District of Texas

**ENTERED**

June 01, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JADE ANN KUHN, | § | |
| BOP #39764-177 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-22-2307 |
| | § | |
| TONYA HAWKINS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Federal inmate Jade Ann Kuhn (BOP #39764-177) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of her prison sentence. (Docket Entry No. 1). She alleges that the Bureau of Prisons improperly calculated her sentence because she has not received credit for the time she spent in state custody from June 28, 2017, to March 13, 2018. (*Id.* at 4). Warden Tonya Benton Hawkins has responded to the petition with a motion for summary judgment. (Docket Entry No. 8). Kuhn has not responded to the summary judgment motion. Having reviewed the petition, the motion, the record, and the applicable law, the court grants Warden Hawkins's motion and dismisses Kuhn's petition. The reasons are explained below.

**I.     Background**

Warden Hawkins attached several documents to her motion for summary judgment, including a declaration from Deborah Colston, a Correctional Programs Specialist with the Bureau of Prisons. (*See* Docket Entry No. 8-1). In her declaration, Ms. Colston provides the following background about Kuhn's interactions with the federal and state criminal systems:

Inmate Kuhn was originally convicted of federal drug and money laundering charges in 2010. *See generally United States of America v. Jade Kuhn*, 09-CR-191(14) (W.D. Tex.). In that case, the Western District of Texas imposed a total 84-month term of imprisonment, to be followed by 5 years of supervised release. Inmate Kuhn was released from BOP custody on May 12, 2015.

Inmate Kuhn's supervision was subsequently transferred to the Northern District of Texas, Case No. 4:15-cr-182, so a revocation petition could be filed there based on an arrest warrant issued in Dallas County Case No. F-1534002-T. Inmate Kuhn had been arrested by the Irving, Texas, Police Department for possession with intent to distribute methamphetamine in June 2015, but she was released the following day before state charges were filed.

Inmate Kuhn was arrested by state authorities for additional drug charges (Dallas County Case No. F-1614835-T) and unauthorized use of a motor vehicle (Dallas County Case No. F-1614834-T) on January 1, 2016. She was detained.

On January 6, 2016, she was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum, to answer the Supervised Release revocation petition. On February 8, 2016, the Northern District of Texas revoked Inmate Kuhn's supervised release and imposed a total 36-month term of imprisonment, to be served concurrently with any state sentences imposed in Dallas County, Texas, Case Nos. F1534002, F1614835, and F1614834.

Inmate Kuhn was then returned to state custody to face sentencing on her pending Dallas County charges. On June 17, 2016, she was sentenced to the following: (1) Case No. F-1534002-T, Manufacture/Delivery Controlled Substance – deferred adjudication, eight years' probation; (2) Case No. F-1614835-T, Possession with Intent to Distribute Controlled Substance – deferred adjudication, eight years' probation; (3) Case No. F-1614834-T, Unauthorized Use of Motor Vehicle – six months' imprisonment.

Notwithstanding the filed federal detainer, the State of Texas mistakenly released inmate Kuhn to the street on August 2, 2016, following expiration of her six-month sentence in Case No. F-1614834-T.

Inmate Kuhn was arrested for additional drug violations on June 28, 2017. She has remained in custody since this date. On March 13, 2018, the Northern District of Texas imposed a 110-month term of imprisonment, to run concurrent with the 36-month revocation sentence imposed in the Northern District of Texas, and consecutive to any sentence to be imposed in Dallas County, Texas, Case Nos. F1534002 and F1614835. . . . Subsequently, her probation was revoked and warrants issued. Ultimately, however, the cases were both dismissed on November 11, 2019.

(Docket Entry No. 8-1 at 4–5) (citations to internal exhibits omitted).

On July 6, 2022, Kuhn filed a petition for a writ of habeas corpus, challenging the calculation of her prison sentence. (Docket Entry No. 1). She alleges that the Bureau of Prisons improperly calculated her sentence because she has not received credit for the time she spent in state custody from June 28, 2017, to March 13, 2018. (*Id.* at 4). Kuhn believes that she did not receive federal credit for this time because her federal sentence was imposed on March 13, 2018, and was ordered to run consecutively to any yet-to-be-imposed state sentence. (*Id.* at 4–5). Kuhn asserts that she is "due relief in the form of time credit for the state time pursuant to 18 U.S.C. § 3585(b)." (*Id.* at 4).

Warden Hawkins's motion for summary judgment argues that the Bureau has given Kuhn credit for the period from June 28, 2017, to March 13, 2018, and properly calculated her sentence. (Docket Entry No. 8). The declaration of Ms. Colston, along with documents relating to Kuhn's arrests, convictions, and sentences in state and federal court, support Warden Hawkins's argument. (*See* Docket Entry No. 8-1).

Kuhn has not filed a response.

## II.  The Legal Standards

### A.  The Summary Judgment Standard

Summary judgment is proper when the record shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (cleaned up). "The burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial[.]" *Id.*

3

When determining whether factual disputes preclude summary judgment, the court views any disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citation omitted). This general rule "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The nonmoving party must point to record evidence that supports a conclusion that there are factual issues material to determining summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not rely on the allegations or denials in pleadings or on her own unsubstantiated assertions to avoid summary judgment. *See Anderson*, 477 U.S. at 256; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"Where, as here, a plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by [the] defendant in support of his motion for summary judgment to be undisputed." *White v. Coffield Med. Staff*, No. 21-40211, 2022 WL 1056103, at *2 (5th Cir. Apr. 8, 2022) (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

### B.     Pleadings from Self-Represented Litigants

Kuhn is representing herself. Habeas petitions filed by self-represented litigants are not held to the same standards as pleadings filed by lawyers, and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Even under a liberal construction, a self-represented litigant "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014)

(footnotes omitted).  Although Kuhn represents herself, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a self-represented party of his burden in opposing a summary judgment motion.  *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

**III.    Discussion**

Only the Bureau of Prisons has the authority to administer an inmate's sentence; district courts lack that authority.  *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.") (citing 18 U.S.C. § 3621(a)).  A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585:

> (a) Commencement of sentence.—
> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  A "district court lacks the authority to award or deny [prior custody] credit . . . ." *In re U.S. Bur. of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019*); see also Tobias v. Shults*, Civil Action No. 2:81-cv-464, 2019 WL 4039644, at *4 (S.D. Tex. May 31, 2019) ("The computation of prior custody time is not completed by the sentencing court, but rather is calculated by the BOP after sentencing.") (citing *Wilson*, 503 U.S. at 333–34), *R&R adopted by*, 2019 WL

4039999 (S.D. Tex. Aug. 6, 2019).  A federal sentence cannot begin before the date it is announced. *Gotay-Aviles v. Maye*, 472 F. App'x 273, 273 (5th Cir. 2010) (per curiam) (citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).

In Ms. Colston's declaration submitted as part of the respondent's summary judgment evidence,[1] she explains Kuhn's sentence computation based on her concurrent 36-month and 110-month prison terms imposed in the Northern District of Texas, Case Nos. 4:15-cr-182 and 4:17-cr-195:

> [Kuhn] claims the BOP failed to accurately calculate her sentence computation. Specifically, she states that she has been denied credit for time she spent in state custody from June 28, 2017, through March 13, 2018.  Contrary to inmate Kuhn's assumption, she was never denied credit for this time, as no additional sentences were ever imposed in her state court cases.

> Inmate Kuhn has fully exhausted this claim under the BOP's Administrative Remedy Program.

> Although inmate Kuhn's federal sentences are running concurrently, her second judgment has a later date of imposition.  And, neither of her federal sentences could have commenced prior to the dates they were imposed.  Additionally, because the second sentence has a full term date which is longer than the first, there is a concurrent overlap.  In essence, any time inmate Kuhn spent serving her initial sentence before March 13, 2018, must be added to her second sentence, because her second sentence could not commence prior to its imposition.  In other words, running a sentence concurrent with an ongoing sentence does not allow for backdating the second sentence's commencement before its imposition.

> Inmate Kuhn was initially sentenced on February 8, 2016.  There are approximately 764 days between February 8, 2016, and her second sentencing on March 13, 2018.  However, inmate Kuhn was out of custody for the approximate 329 days between August 3, 2016, and June 28, 2017.  This inoperative time does not count towards inmate Kuhn's sentence.  Accordingly, inmate Kuhn's initial sentence had already run for 435 days (or 1 year, 2 months, and 10 days), before imposition of her second sentence (764 – 329 = 435).  Because inmate Kuhn's second sentence could not begin to run prior to its imposition, this 1 year, 2 months,

---

[1] As noted earlier, Ms. Colston is a Correctional Programs Specialist at the Designation and Sentence Computation Center for the Federal Bureau of Prisons.  (Docket Entry No. 8-1 at 2).  In this role, she provides litigation assistance to the United States Attorney's Offices in cases where federal inmates challenge their sentence computations.  (*Id.*).  In this case, Ms. Colston has audited the sentence computation for Kuhn in accordance with federal statute and BOP policy.  (*Id.*).

6

and 10 days must be added to inmate's Kuhn's 110-month term of imprisonment, to form an aggregate sentence of 10 years, 4 months, and 10 days.

Inmate Kuhn's aggregate term commenced on the earliest possible date of February 8, 2016, the date that her first judgment was issued. Inmate Kuhn was granted prior custody credit for time she spent in custody from June 2 – 3, 2015, and January 1 – February 7, 2016. Additionally, because her first sentence was already running, all time spent in custody from February 8, 2016 – August 2, 2016, and June 28, 2017 – March 12, 2018, counts towards her aggregate term.

Inmate Kuhn has received all credit to which she is entitled against her correctly-calculated aggregate sentence of 10 years, 4 months, and 10 days.

(Docket Entry No. 8-1 at 5–6) (citations to internal exhibits omitted).).

The court finds no error in the BOP's calculations. Kuhn presents no probative summary-judgment evidence controverting the BOP's calculations or other summary judgment evidence. Even viewing the facts in the light most favorable to Kuhn, she has failed to demonstrate a genuine factual dispute material to her claim. The respondent is entitled to summary judgment, and Kuhn's petition is dismissed.

## IV.    Conclusion

The court grants the respondent's motion for summary judgment, Docket Entry No. 8, and dismisses Kuhn's petition. The court denies as moot any remaining pending motions. No certificate of appealability will be issued. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam); *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on May 31, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge